IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Margie P. Nault, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 3:04-2196-HMH-JRM |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Jo Anne B. Barnhart, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Joseph R. McCrorey, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Margie P. Nault ("Nault") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In his Report, Magistrate Judge McCrorey recommends affirming the Commissioner's decision. Nault objects to the Report. For the reasons stated below, the court adopts the Magistrate Judge's Report and Recommendation and affirms the Commissioner's decision.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. 13-19), and summarized as follows. At the time of the hearing before the ALJ, Nault was a forty-nine-year-old woman with a high school education. (Id. at 14.) Her past employment was as a truck driver and heavy equipment operator. (Id.) She alleges disability since July 1, 2000, due to pain in her neck, head, shoulders, back, and leg; temporary loss of vision; severe headaches; high blood pressure; and high cholesterol. (Id.)

On February 8, 2001, Nault filed an application for SSI and DIB. The applications were denied initially and on reconsideration. On March 28, 2003, after a hearing on January 3, 2003, the ALJ found that Nault was not disabled because, under the medical-vocational guidelines (also known as "Grids") promulgated by the Commissioner, Nault remains able to perform work found in the national economy. (R. 18.) In particular, the ALJ found that Nault is not disabled because she can perform sedentary work. (Id.) On May 20, 2004, the Appeals Council denied Nault's request for review, making the decision of the ALJ the final decision of the Commissioner. On July 1, 2004, Nault filed the instant action. The Magistrate Judge recommends affirming the Commissioner's decision to deny Nault benefits.

## II. DISCUSSION OF THE LAW

### A. Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). In other words, the court "must uphold the factual findings of the [Commissioner only] if they are supported by substantial

2

evidence <u>and</u> were reached through application of the correct legal standard." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996) (emphasis added).

"A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." <u>Coffman v. Bowen</u>, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted). Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the Commissioner's finding even if the court disagrees with it. <u>See</u> <u>id.</u>

### B. Objections

Nault filed objections to the Magistrate Judge's Report. First, Nault objects to the Magistrate Judge's determination that substantial evidence supported the Commissioner's decision that Nault could perform sedentary work and was not disabled. Second, Nault objects to the Magistrate Judge's conclusion that substantial evidence supported the Commissioner's use of the Grids to determine that Nault was able to perform work found in the national economy. Third, Nault objects to the Magistrate Judge's determination that no error occurred when the Appeals Council failed to make specific findings either accepting or rejecting additional medical records submitted by Nault on appeal from the ALJ's decision. The court will address each objection in turn.

### 1. Substantial Evidence

Nault contends that the Magistrate Judge erred in concluding that substantial evidence supported the ALJ's decision that Nault could perform sedentary work and was not disabled.

3

In this regard, Nault points to physician records prior to her disability onset date and the ALJ's decision to discount her examining physicians.

### a. Past Treatment

Nault contends that treatment records by Gregory Jones, M.D., Leonard Forrest, M.D., and Jeffrey Buncher, M.D., prior to her disability onset date of July 1, 2000, demonstrate "Nault's ongoing problems with back pain and headaches which [Nault] had after the onset date with treatment from her physicians in the future." (Objections 2.) The Magistrate Judge summarized the notes and findings of these doctors on pages 4-5 of the Report.

The court agrees that the records of these doctors confirm Nault's complaints of back pain and headaches prior to her disability onset date. However, these doctors' clinical observations and opinions regarding Nault's complaints ultimately support–not undermine–the ALJ's conclusion that Plaintiff can perform sedentary work and is not disabled. (R. 109-10 (Dr. Jones recommending physical therapy and no medication); 102-04 (Dr. Forrest finding surgery unnecessary, recommending epidural steroid injections, referring Nault to pain management specialist, and ordering neurological evaluation); 190-91 (Dr. Buchner concluding that Nault had a three-percent total body impairment, that her work capacity was "limited by her ability to do bending, lifting or sitting and driving heavy duty vehicles," and that she required "a change of vocation to sedentary work").) To this end, Nault's reference to these doctors' records to support her assertion that the ALJ lacked substantial evidence to conclude that she can perform sedentary work and is not disabled is without merit.

### b. Examining Physicians

Nault objects to the Magistrate Judge's finding that substantial evidence supported the ALJ's decision to discount the opinions of two of her treating physicians, Drs. LeVeen and Kuhns, that Plaintiff could not perform sedentary work.

"[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). "Thus, by negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. (internal quotation omitted). In addition, opinions regarding disability are reserved for the Commissioner and are not medical opinions. See Determining Disability and Blindness Medical Considerations–Evaluating Opinion Evidence, 20 C.F.R. § 404.1527(e) (2005). However, in making such a determination, the Commissioner will "review all of the medical findings and other evidence that support a medical source's statement that [a claimant is] disabled." Id.

After review, the court finds that the ALJ properly found that the opinions of Drs. Leveen and Kuhns were not entitled to controlling weight because those opinions were not supported by clinical evidence and were inconsistent with other substantial evidence in the record.

### i. Dr. LeVeen

On January 2, 3003, Dr. LeVeen treated Nault with injection therapy of corticosteroids for myofasciitis, piriformis syndrome, scapulo-cervical syndrome, anterior scalene and pectoralis minor syndrome, and low back pain. Dr. LeVeen opined that "[t]hroughout the course of the last several years," Nault was "unable to keep any employment because of symptoms exacerbated by her activities in the workplace and . . . required chronic pain management." (R. 268.) The ALJ accepted Dr. LeVeen's opinion as it pertained to Nault's past medium work, but rejected Dr. LeVeen's opinion as it pertained to all work. Particularly, the ALJ found that Dr. LeVeen's records consisted primarily of Nault's subjective complaints rather than objective medical findings. Although the ALJ found Nault generally credible, the ALJ stated that Nault's complaints were not indicative of disability in light of the medical and non-medical evidence in the record.

The Magistrate Judge found the ALJ's decision in this regard supported by substantial evidence. Specifically, the Magistrate Judge found that the medical evidence discussed on pages 4-9 of the Report, and other non-medical evidence, such as Nault's testimony that she performed light housework, fed her horses and dogs, did light yard work, ran errands, prepared simple meals, and got up at 6:00 a.m. to feed her grandchildren, walk them to the bus, and generally maintain custody of them, substantially supported the ALJ's decision to discount the opinion of Dr. LeVeen. (Report 11-12.)

Nault objects to the Magistrate Judge's conclusion, stating that Dr. LeVeen's treatment was based on objective medical evidence and listing the numerous times Dr. LeVeen physically examined and treated Nault. (Objections 4.) The court has reviewed the medical

6

records referred to by Nault, and finds that the records mainly record Nault's subjective complaints of pain and do not consist of objective medical findings necessary to support a conclusion that Nault cannot perform sedentary work. See Craig, 76 F.3d at 590 (finding by negative implication that if the physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight"); see also id. at 591-92 (stating that in assessing credibility and complaints of pain ALJ must (1) determine whether there is objective evidence of an impairment which would reasonably be expected to produce the alleged pain, and (2) consider these subjective complaints of pain along with other objective evidence). In addition, Dr. LeVeen's opinion that Nault could not maintain employment "because of symptoms exacerbated by her activities in the workplace," was clearly related to the medium work Nault had performed in her past rather than any sedentary work Nault may or may not be able to perform in the future. (R. 268.) For these reasons, Nault's objection to the Magistrate Judge's determination that substantial evidence supported the ALJ's decision to discount the opinion of Dr. LeVeen is without merit.

### ii. Dr. Kuhns

On October 14, 2002, Dr. Kuhns concluded that Nault was unable to work. The ALJ declined to give Dr. Kuhns' opinion controlling weight, however, because the opinion was not based on objective medical findings. The Magistrate Judge found that substantial evidence supported the ALJ's decision in this regard, noting that, on October 14, 2002, Dr. Kuhns had examined Nault only once. Further, the Magistrate Judge concluded that Dr. Kuhns' medical observations did not support his conclusion. Dr. Kuhns' notes show that Nault had full

strength and symmetrical reflexes in all extremities, a normal gait, some mild to moderate tenderness of her paraspinal musculature, and tenderness of her cervical spine. Finally, the Magistrate Judge pointed out that Kuhns' opinion was inconsistent with other objective evidence in the medical record, such as X-rays taken in May of 2001, Nault's history of treatment, and the opinions of state agency physicians.[2]  (Report 12.)

Nault argues that the Magistrate Judge erred because Dr. Kuhns treated Nault more than once. Nault refers to two examinations conducted by Dr. Kuhns after October 14, 2002. Both on November 13, 2002, and December 24, 2002, Dr. Kuhns reiterated that "Nault . . . suffers from chronic pain syndrome, arthritis, fibromyalgia and myofascial pain syndrome" and "is unable to perform any work activities at the present time nor is it likely that she will be able to do so in the future." (R. 267.) Dr. Kuhns further explains, "Prolonged standing, walking, bending, lifting, climbing, pushing and pulling, even the use of the arms for repetitive motions is currently impossible." (Id.)

This evidence is insufficient to establish that the ALJ lacked substantial evidence to discount the opinion of Dr. Kuhns. Dr. Kuhns' opinion that Nault was unable to work in November and December 2002 does not resolve whether Dr. Kuhns' opinion was based on objective medical evidence. Nault does not discredit the Magistrate Judge's determination

---

[2]Nault also objects to the Magistrate Judge's reliance on the state agency physicians and psychologists, arguing that the findings of Donald W. Hinnant, M.D., should have been discounted because additional medical records were submitted after his assessment. Even if the court agreed with Nault's argument, the objection does not discredit the two other state agency physician opinions rendered on June 25, 2001, and February 27, 2002, which concluded that Nault could perform medium work that involved limited overhead reaching and some postural limitations. (R. 119-26.)

8

that Dr. Kuhns' opinion is contradictory to his own examination notes on October 14, 2002, or any other examination performed thereafter. In addition, Nault failed to show that the Magistrate Judge erroneously relied on or misinterpreted the other objective medical evidence in the record, such as the X-rays and the opinions and the notes of other physicians who examined Nault, which show that Nault was able to perform sedentary work. Finally, the court finds that Dr. Kuhns' November and December 2002 opinions do not establish that Plaintiff cannot perform sedentary work and is disabled. Dr. Kuhns explains that Nault "is unable to work" because "[p]rolonged standing, walking, bending, lifting, climbing, pushing and pulling, even the use of the arms for repetitive motions is currently impossible." (R. 266-67.) These activities do not necessarily preclude sedentary work. See 20 C.F.R. § 404.1527(e) (providing that opinions regarding disability are reserved for the Commissioner and are not medical opinions).

For the reasons provided above, the court finds Nault's objections to the Magistrate Judge's conclusion that substantial evidence supported the ALJ's decision without merit.

### 2. Grids

Nault argues that the ALJ improperly used the Grids to determine that Nault was able to perform work found in the national economy. See generally Determining Disability and Blindness–Medical Vocational Guidelines, 20 C.F.R., Part 404, Subpart P, App. 2 (2005). Nault contends that the ALJ should have obtained testimony from a vocational expert because she has nonexertional limitations such as chronic pain, depression, headaches, diarrhea, irritable bowel syndrome, and lack of sleep that "would affect her . . . work in an unskilled, sedentary position." (Objections 6-7.)

9

When a claimant (1) suffers from a nonexertional impairment that restricts her ability to perform work of which she is exertionally capable, or (2) suffers an exertional impairment which restricts her from performing the full range of activity covered by a work category, the ALJ may not rely on the Grids alone and "must produce specific vocational evidence showing that the national economy offers employment opportunities to the claimant." See Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985); Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989). A nonexertional impairment is an impairment which "is present whether the claimant is attempting to perform the physical requirements of the job or not." Gory v. Schweiker, 712 F.2d 929, 930 (4th Cir. 1983); see also Determining Disability and Blindness Vocational Considerations–Exertional and Nonexertional Limitations, 20 C.F.R. § 404.1569a (2005). Every nonexertional condition does not, however, rise to the level of a nonexertional impairment. "The proper inquiry . . . is whether there is substantial evidence to support the finding that the nonexertional condition affects an individual's residual functional capacity to perform work of which [she] is exertionally capable." Walker, 889 F.2d at 49.

The Magistrate Judge found that the ALJ's decision to use the Grids was proper, as substantial evidence supported the ALJ's determination that Nault maintained the residual functioning capacity for sedentary work and that her ability to perform sedentary work was not reduced by any nonexertional impairments. (Report 13-14.) Nault contends that this conclusion is in error, emphasizing that she has a long history of headaches, nausea, and chronic pain documented in the record. This evidence, however, fails to establish that the ALJ's reliance on the Grids was in error. The mere existence of nonexertional limitations does not require vocational expert testimony or preclude reliance on the Grids alone when

10

substantial evidence in the record demonstrates that Nault maintained the residual functioning capacity for sedentary work and that her ability to perform sedentary work was not reduced by any nonexertional impairments. Nault's objection is, therefore, without merit.

### 3. Appeals Council

Finally, Nault contends that the Appeals Council should have made specific findings either accepting or rejecting new medical records. "The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991) (internal quotation marks omitted). Evidence is new if it is not duplicative or cumulative. Williams v. Sullivan, 905 F.2d 214, 216 (8th Cir. 1990). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." See Wilkins, 953 F.2d at 96. To the extent any evidence shows that the claimant established disability after the time period of the ALJ's decision, or that there was a deterioration after the relevant period, the claimant presents, at most, grounds for filing a new application. See Procedures Before Appeals Council on Review, 20 C.F.R. § 404.976(b)(I) (2005); Woolf v. Shalala, 3 F.3d 1210, 1215 (8th Cir. 1993).

The Magistrate Judge concluded that the materials submitted to the Appeals Council were neither new nor material. Specifically, the Magistrate Judge determined that Dr. Kuhns' examination findings of mild spasms in Plaintiff's trapezius muscle and muscle tenderness were duplicative of his October, November, and December 2002 reports, and that his Fibromyalgia Residual Functional Capacity Questionnaire was completed one year after the

11

date of the ALJ's decision. (Report 15.) The Magistrate Judge also noted that the additional evidence of Dr. LeVeen merely reiterates statements contained in his January 2003 report or relates to treatments for carpal tunnel syndrome and varicose vein removal performed after the ALJ's decision. (R. 280-281.) Finally, the Magistrate Judge noted that a report concerning psychotherapy provided after the date of the ALJ's decision did not address Plaintiff's functional limitations prior to that date.

Nault does not specifically dispute the Magistrate Judge's analysis of the additional material submitted to the Appeals Council. Nault instead focuses on Dr. Kuhns' opinion that she cannot stoop and states that Social Security Ruling 96-9p explains that the ability to stoop is required in most "unskilled occupations." (Objections 8.) This ruling, however, does not indicate that stooping is required in unskilled, <u>sedentary</u> occupations, and therefore has no bearing on whether the ALJ lacked substantial evidence to determine that Nault was not disabled because she could perform sedentary work.

For the reasons discussed above, the court adopts the Magistrate Judge's Report and Recommendation and affirms the decision of the Commissioner.

Therefore, it is

**ORDERED** that the decision of the Commissioner is affirmed.

**IT IS SO ORDERED**.

             s/ Henry M. Herlong, Jr.
             United States District Judge

Greenville, South Carolina
September 9, 2005